IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MON RAIL TERMINAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-159 |
| | ) | |
| BOROUGH OF DUNLEVY and | ) | Judge Cathy Bissoon |
| BOROUGH OF SPEERS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court are Defendant Borough of Speers's Motion to Dismiss (Docket No. 16) and Defendant Borough of Dunlevy's Motion to Dismiss (Docket No. 17). For the reasons stated herein, the Court will GRANT Defendant Borough of Speers's motion and will GRANT IN PART Defendant Borough of Dunlevy's motion.

### BACKGROUND

**A. Factual Background**

This case arises out of Plaintiff Mon Rail Terminal, Inc.'s attempts to develop a 28.482 acre tract of vacant land (the "Property") it owns in Washington County, Pennsylvania. Am. Compl. ¶¶ 9-10 (Docket No. 14). The Property is located in both the Borough of Speers ("Speers") and the Borough of Dunlevy ("Dunlevy") (collectively "Defendants"), with 27.082 acres of the land in Speers and 1.4 acres of the land in Dunlevy. Id. at ¶ 10.

The Property is bounded on the east by the Monongahela River, on the west by the Norfolk and Southern Railroad, on the southwest by property owned by Charles Barcelona, on the southeast by property owned by Joseph Barcelona, and on the north by property owned by

1

Guttman Realty Company. Id. at ¶ 11. Currently, the Property has no street access in Speers, and there is no driveway connecting the Property to Dewey Street, a public road located in Dunlevy. Id. at ¶¶ 15-19.

In May of 1996, Mon Rail requested that Speers rezone roughly 12.5 acres of the Property located in Speers, which had all been zoned M-2 Heavy Industrial, to residential, and proposed the construction of townhouses on the land. Id. at ¶ 21. Residents and elected officials in Dunlevy took issue with the planned access to the Property through Dewey Street in Dunlevy. Id. at ¶ 22. Mon Rail withdrew its application for rezoning due to the opposition. Id. at ¶ 24.

Despite the withdrawal of the application, Speers enacted Ordinance No. 392 on November 6, 1996, creating a wooded buffer area between Speers and Dunlevy, and more specifically, the properties of Charles and Joseph Barcelona. Id. at ¶ 25. Around the same time, Dunlevy passed Ordinance No. 6-7-96, which restricts access to out-of-borough property, among other things. Id. at ¶ 27. Plaintiff claims Defendants enacted both of the ordinances without giving notice to Plaintiff. Id. at ¶ 28.

In 2009, Plaintiff began to take actions to use the Property as a water withdrawal operation. Id. at ¶¶ 29-33. On November 10, 2009, Plaintiff submitted to Dunlevy its application for an Excess Hauling Permit, which would allow Plaintiff or its lessee to transport materials to and from the Property via Dewey Street. Id. at ¶¶ 34-35. Plaintiff followed up that application with a request to construct a driveway connecting the Property to Dewey Street. Id. at ¶ 42. On March 2, 2010, Plaintiff presented its plans for the Property at a meeting of the Speers Borough Council; the Council expressed no opposition to the proposed plan, and the Speers Zoning Map still showed the Property was zoned M-2 Heavy Industrial. Id. at ¶¶ 43-45.

Shortly thereafter, Dunlevy Borough Council voted to deny Plaintiff's request for an Excess Hauling Permit, citing "safety concerns," and invoked Ordinance No. 6-7-96 (as well as Ordinance 6-4-88) to deny the request to open a driveway onto Dewey Street. Id. at ¶ 47. Following failed discussions with Dunlevy, Plaintiff filed an Action for Declaratory Judgment in the Court of Common Pleas of Washington County on June 24, 2010. Id. at ¶¶ 54-55. That action is still pending. Id.

Also around this time, Plaintiff learned that Speers had enacted Ordinance No. 392, which had purportedly rezoned the Property to residential. Id. at ¶¶ 57-58. However, the ordinance had not changed the Speers Zoning Map, so Speers enacted Ordinance No. 423 on October 6, 2010, to rezone half of the Property as residential. Id. at ¶¶ 60-61. Plaintiff was once again not notified of this action. Id.

## B. Procedural Background

On April 30, 2012, Plaintiff filed an amended complaint, claiming that it has been illegally prevented from accessing and developing the Property by the unlawful actions of Dunlevy and Speers, who have been acting in concert and in deprivation of Plaintiff's federally protected rights. Id. at ¶ 1.

Plaintiff alleges seven different causes of action: (1) Dunlevy violated the Fourteenth Amendment's Equal Protection Clause; (2) Dunlevy and Speers violated Plaintiff's right to substantive due process under the Fourteenth Amendment; (3) a conspiracy claim against Dunlevy and Speers; (4) Speers unlawfully enacted a zoning ordinance amendment; (5) Dunlevy and Speers intentionally interfered with Plaintiff's contractual relations; (6) declaratory and injunctive relief against Dunlevy and Speers under 28 U.S.C. §§ 2201 and 2202; and (7) a de facto takings claim against Speers. Id. at ¶¶ 66, 89, 106, 117, 128, 131-34, 145.

Defendants Speers and Dunlevy filed separate motions (Docket Nos. 16 and 17, respectively) to dismiss Plaintiff's Amended Complaint on May 14, 2012.

**ANALYSIS**

**A. Equal Protection and Substantive Due Process – Statue of Limitations[1]**

Both Dunlevy and Speers advance statute of limitation arguments against Plaintiff's Section 1983 denial of equal protection claim and substantive due process claims. Defendants argue that Plaintiff's Section 1983 denial of equal protection claim and substantive due process claims are time-barred under the applicable two (2) year statute of limitation and should therefore be dismissed. Def.'s Motion ¶¶ 23-28. The Court does not agree.

The record reflects that Dunlevy enacted Ordinance No. 6-7-96 and No. 6-4-88, which, *inter alia*, restrict access to out of borough property in June 1996. Am. Compl. at ¶ 27 (Docket No. 14) However, Plaintiff dropped its plans to develop the Property as a residential neighborhood in 1996 after facing opposition from officials and residents of Dunlevy Borough. Am. Compl. ¶¶ 22, 24. It was not until a Dunlevy Borough Council meeting on March 9, 2010, that Dunlevy invoked Ordinance No. 6-7-96 to deny Plaintiff's permit application. Id. at ¶¶ 42, 47; Def.'s Br. p. 5. Furthermore, Speers enacted Ordinance No. 392, which represents Speers's initial attempt to rezone the Property from industrial to residential, in November 1996.[2]

Under federal law, which governs accrual dates for Section 1983 claims, a cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. Soppick v. Borough of West Conshohocken, 118 Fed. Appx. 631, 634 (3d Cir.

---

[1] Plaintiff asserts a Section 1983 denial of equal protection claim against Dunlevy only and denial of substantive due process claims against Dunlevy and Speers.

[2] Defendant Speers does not argue that Plaintiff's denial of substantive due process claim as it relates to Ordinance No. 423 (enacted in October 2010) is barred by the applicable statute of limitation.

4

2004) (citation omitted). As recently explained by the Third Circuit, "[a]ccrual is the occurrence of damages caused by a wrongful act – when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." McCreary v. Redevelopment Auth. of City of Erie, 427 Fed. Appx. 211, 214 (3d Cir. 2011) (quoting Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010)).

Here, there was no injury to Plaintiff, no occurrence of damages caused by the enactment of Ordinance No. 6-7-96, until Dunlevy invoked the ordinance to deny Plaintiff's permit request. See Nat'l Rifle Ass'n v. City of Pittsburgh, 999 A.2d 1256, 1258 (Pa. Commw. Ct. 2010) (holding a party must show he or she was aggrieved to challenge an ordinance); see also Harris v. Twp. of O'Hara, 282 Fed. Appx. 172, 175 (3d Cir. 2008) (explaining challenges to land-use decisions under § 1983 may not proceed unless the local authority has rendered a final decision). Likewise, there was no injury to Plaintiff by the enactment of Ordinance No. 392 until his March 2010 permit request.

For the foregoing reasons, Plaintiff's Section 1983 denial of equal protection and substantive due process claims are not barred by the statute of limitations.

**B. <u>Substantive Due Process</u>[3]**

   1. <u>Defendant Speers</u>

Speers argues that Plaintiff's substantive due process claim must be dismissed for failing to plead the existence of conscience shocking behavior, asserting that at most Plaintiff's claims amount to violations of state law. Def.'s Mot. p. 4-5 (Docket No. 16). Plaintiff brings its substantive due process claim against Speers under two different theories. Pl.'s Br. Opp. p. 4

---

[3] Surprisingly, Dunlevy moved for dismissal of Plaintiff's substantive due process claim on the sole argument that is was barred by the statute of limitations and did not attack the substance of Plaintiff's pleading. Therefore, Section B of the Court's analysis applies only to Speers.

(Docket No. 21). First, Plaintiff claims that Speers's officials took arbitrary actions in violation of Plaintiff's substantive due process rights. Id. Second, Plaintiff claims that, Ordinances Nos. 392 and 423, enacted by Speers, facially violate Plaintiff's substantive due process rights. Id. at 4-5.

### a) Substantive Due Process Claim Against Defendant Speers for Actions of Executive Officials

The Supreme Court has explained that "the touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness, or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (internal quotation marks and citations omitted). While substantive due process limits both legislative and executive actions, the "criteria to identify what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue." Id. at 846.

With regard to executive actions in land-use disputes, the Lewis "shocks the conscience" test determines whether a zoning official's actions or inactions violate due process. Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004). That test is not precise and "varies depending on the factual context." Id. (quoting United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa., 316 F.3d 392, 400 (3d Cir. 2003)). What is clear is that the "shocks the conscience" standard is designed to avoid converting federal courts into super zoning tribunals. Eichenlaub, 385 F.3d at 285.

The meaning of the "shocks the conscience" test varies depending on the facts of each case. United Artists, 316 F.3d at 399-400. According to the Third Circuit, actions that shock the conscience are those "involving corruption, self-dealing, an intent to hamper development in

order to interfere with otherwise constitutionally protected activity at the project site, or because of some bias against an ethnic group." Eichenlaub, 385 F.3d at 286.

Speers moves this Court to dismiss Plaintiff's substantive due process claim for failing to allege that Speers engaged in conscience shocking behavior. Def.'s Br. pp. 11-12 (Docket No. 18). Plaintiff counters that there are three factors that warrant a finding of conscience shocking behavior. Pl.'s Br. Opp. p. 5. The Court agrees with Defendant.

First, Plaintiff contends that this is a unique situation where a land use is proposed in one municipality (i.e. Speers), but access to the location is required to occur through another municipality (i.e. Dunlevy). Id. This contention is not disputed; however, it fails to allege that Defendants engaged in conscience shocking behavior, or any behavior at all for that matter.

Second, Plaintiff argues that the Borough Solicitor for Defendant Speers, Mr. France, previously represented the trailer park abutting the Property in several small transactions. The trailer park is owned by Charles Barcelona, who allegedly does not want the Property developed. Id. Again, Plaintiff alleges no conscience shocking behavior. Plaintiff states that Speers enacted Ordinance No. 392 to rezone the Property despite the fact Plaintiff withdrew its rezoning application, Am. Compl. ¶¶ 24-25, but there are no allegations that Mr. France and the Borough Council acted in a corrupt manner. See generally Am. Compl.

The implication that Mr. France engaged in self-dealing likewise fails. Plaintiff does not allege facts showing that Mr. France either had a role in rezoning the Property or that he was benefited by that rezoning. See generally Am. Compl. Moreover, even if Plaintiff established Mr. France's role in the rezoning, speculation that Mr. France may one day benefit from the Property's rezoning because he had previously represented an adjacent land-owner does not rise to self-dealing. See Locust Valley Golf Club, Inc. v. Upper Saucon Twp., 391 Fed. Appx. 195,

7

199 (3d Cir. 2010) (finding Township Supervisor's remote hope to one day purchase rezoned property himself was not so egregious to "shock the conscience").

Third, Plaintiff asserts that Speers conspired with Dunlevy to enact and enforce ordinances that barred Plaintiff from making use of its property. Pl.'s Br. p. 5. Here, too, Plaintiff fails to plead conscience shocking behavior on behalf of Speers. Arbitrarily applying zoning ordinances or enforcing invalid zoning ordinances in bad faith may be violations of state law but do not give rise to a federal substantive due process claim. See United Artists, 316 F.3d at 402 (citing Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104-05 (8th Cir. 1992)). Land-use disputes are matters of local concern that "should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives." United Artists, 316 F.3d at 402.

For the foregoing reasons, Plaintiff has failed to state a claim that the actions of Speers officials violated Plaintiff's right to substantive due process because the alleged actions of Speers did not meet the "shock the conscience" test.

### b) *Substantive Due Process Claim Against Defendant Speers for Enactment of Ordinances Nos. 392 and 423*

With respect to legislation in the land-use context, Plaintiff must "allege facts that would support a finding of arbitrary or irrational legislative action" for its substantive due process claim to be successful. Cnty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 169 (3d Cir. 2006) (quoting Pace Res., Inc. v. Shrewsbury Twp., 808 F.2d 1023, 1034 (3d Cir. 1987)). An ordinance will typically survive a substantive due process challenge if the government can identify a legitimate state interest that the legislative body could rationally conclude was served by the ordinance. Cnty. Concrete, 442 F.3d at 169 (citation omitted).

8

While Speers does not address Plaintiff's facial substantive due process challenge, the present action is distinguishable from County Concrete Corp. v. Town of Roxbury because Plaintiff has itself pled facts that show Speers did not act irrationally or arbitrarily. See Cnty. Concrete, 442 F.3d at 170 (explaining that "[t]here is nothing in the complaint that would indicate any possible motivation for the enactment of the Ordinance other than a desire to prevent appellants from continuing to operate and expand their extraction business").

Plaintiff claims that Speers rezoned the Property out of concern "over traffic and safety issues" and a desire to "retain the border area as a suitable environment for family and residential life and not commercial/industrial development." Am. Compl. ¶ 106. According to Plaintiff, Speers did not want the additional traffic that would follow from the development of the Property. Id. at ¶ 109. Thus, Plaintiff's own factual allegations contradict its claim that Speers acted arbitrarily and irrationally by enacting Ordinances Nos. 392 and 423. See Highway Materials, Inc. v. Whitemarsh Twp., 386 Fed. Appx. 251, 258 (3d Cir. 2010) (holding traffic considerations are a legitimate concern of local governments).

Because there is an identifiable legitimate state interest behind Speers's rezoning actions, Plaintiff's facial substantive due process challenge fails to state a claim.

### C. Intentional Interference With Contractual Relations

Defendants argue that the Pennsylvania Political Subdivision Tort Claims Act (Tort Claims Act) provides general immunity to municipalities for intentional torts. Plaintiff disagrees -- claiming that 42 Pa. C.S.A. Section 8550 permits actions against municipalities if their elected officials acting in an official capacity commit willful misconduct. See 42 Pa. C.S.A. § 8550.

The plain language of the Tort Claims Act illustrates that Defendants are immune from this claim. The act enumerates that a municipality and its employees are generally immune from

9

torts liability unless a situation fits one of the statute's exceptions. See 42 Pa. C.S.A. § 8541. Plaintiff relies upon Section 8550 to revoke municipal immunity; however, this section only allows personal capacity suits against Employees who commit willful misconduct and does not remove a municipality's general immunity. See 42 Pa. C.S.A. § 8550 and Overstreet v. Borough of Yeadon, 475 A.2d 803 (Pa. Super.Ct. 1984) (explaining that a municipality is immune from intentional torts while litigation against individual defendants sued in their personal capacity may proceed). Because Pennsylvania law maintains municipal immunity in intentional tort actions (and Plaintiff has not asserted claims against individual defendants), the Court grants Defendants' motions as to this claim.

### D. Conspiracy

Defendants' motions to dismiss Plaintiff's conspiracy claim are likewise granted. Plaintiff alleges that Defendants conspired (through the act of elected officials) to injure Mon Rail by preventing it from developing its property. Compl. ¶ 114. Defendants argue that Plaintiff's claim should be dismissed because Mon Rail has failed to meet the requisite pleading requirements for conspiracy under 42 U.S.C. § 1985. However, in its opposition (Docket Nos. 22, 23), Plaintiff maintains that its conspiracy claim arises under Pennsylvania law. As such, the Court finds (as outlined in Section C) that both Defendants are immune from Plaintiff's civil conspiracy claim pursuant to the Political Subdivision Tort Claims Act. ("PSTCA"), 42 Pa.C.S. ¶ 8541. Walden v. Borough of Upper Darby, 77 F.Supp.2d 655, 659 (E.D. Pa. 1999); Robbins v. Cumberland County Children & Youth Services, 802 A.2d 1239, 1252 (Pa. Cmwlth. 2002) (municipalities in Pennsylvania are immune from suits pursuant to the Political Subdivision Tort

Claims Act, 42 Pa.C.S.A. §8541 (the "PSTCA"). Under the PSTCA, §8542(a)(2), a local agency is immune from allegations of intentional tortious behavior). [4]

### E. Unlawful Enactment of Zoning Ordinance and Defacto Taking[5]

Speers argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's unlawful enactment of zoning ordinance claim and defacto taking claim. The Court agrees.

District courts may maintain supplemental jurisdiction over an otherwise state claim pursuant to 28 U.S.C. § 1367(a). Furthermore, Subsection (c) provides that a district court may, in its discretion, decline to exercise jurisdiction if 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim over which the district court has original jurisdiction; 3) the district has dismissed all claims over which it has original jurisdiction; or 4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

---

[4] In their briefing, Defendants assume that Plaintiff's claim for conspiracy arises under 42 U.S.C. § 1985, and advance arguments that Plaintiff's claim should be dismissed because it fails to state a claim under Section 1985. The Court agrees that if Plaintiff's claim was based in conspiracy under 42 USC § 1985, the claim would fail. Plaintiff has failed to provide a factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. Plaintiff makes note that Dunlevy has admitted that the rezoning was undertaken after officials in both Dunlevy and Speers expressed concern over traffic patterns and disruption of residential life. Compl. ¶ 106. This assertion does not establish an agreement or concerted action to do any unlawful act. See Capogrosso v. Supreme Court of the State of New Jersey, 588 F.3d 180, 185 (3d. Cir.2009) (citing Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir.1990)) (holding that conspiracy claim must include a "discernible factual basis," i.e., "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action"); Marangos v. Swett, 341 Fed.Appx. 752, 755–56 (3d. Cir. 2009) (plaintiff's complaint alleging that ex-wife, judge, and refinancing companies conspired to grant the ex-wife the proceeds of the loan dismissed due to its reliance on legal conclusions and failure to make factual allegations of any concerted action between the defendants); Feliz v. The Klintock Group, 297 Fed.Appx. 131, 136 (3d. Cir.2008) (dismissing plaintiff's complaint because it made no "allegations of at least some facts which could permit a reasonable inference of a conspiracy").

[5] Plaintiff asserts claims of unlawful enactment of a zoning ordinance (Claim IV) and de facto taking (Claim VII) against Speers only.

In this case, the Court has dismissed all claims against Speers over which it has original jurisdiction – namely the denial of substantive due process claims. The United States Court of Appeals for the Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995) (citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966) (other citations omitted)). The Court declines to decide Plaintiff's unlawful enactment of zoning ordinance claim against Speers.

F. **Declaratory and Injunctive Relief**

Speers moves the Court to dismiss Plaintiff's claim for declaratory and injunctive relief (Claim VI). Although the sixth cause of action heading of Plaintiff's amended complaint indicates a declaratory and injunctive relief claim against Dunlevy and Speers, Plaintiff cites only to ordinance 6-7-1996 (enacted by Dunlevy) in its cited facts for declaratory and injunctive relief. Am. Compl. ¶¶ 129-134. Plaintiff makes no allegations as to conduct by Speers. As such, Plaintiff's request for declaratory and injunctive relief is dismissed as it relates to Speers.

**CONCLUSION**

For all of the reasons stated above, Speers's motion to dismiss (Docket No. 16) is granted and Claim II (Fourteenth Amendment – denial of substantive due process) is dismissed with prejudice as to Speers; Claim III (Conspiracy) is dismissed with prejudice as to Speers; Claim IV (Unlawful Enactment of a Zoning Ordinance) is dismissed without prejudice as to Speers; Claim V (Intentional Interference with Contractual Relations) is dismissed with

prejudice as to Speers; and Claim VII (Defacto Taking) is dismissed without prejudice as to Speers.

Furthermore, Dunlevy's motion to dismiss (Docket No. 17) is GRANTED in part and Claim III (Conspiracy) is dismissed with prejudice as to Dunlevy; and Claim V (Intentional Interference with Contractual Relations) is dismissed with prejudice as to Dunlevy.

The only surviving claims are Plaintiff's Fourteenth Amendment Denial of Equal Protection claim against Dunlevy (Count I), Fourteenth Amendment Denial of Substantive Due Process claims against Dunlevy (Claim II), and request for declaratory and injunctive relief against Dunlevy (Claim VI).

## II.   ORDER

For all of the reasons stated above, Speers's motion to dismiss (Docket No. 16) is **GRANTED** and Claim II (Fourteenth Amendment – denial of substantive due process) is dismissed with prejudice as to Speers; Claim III (Conspiracy) is dismissed with prejudice as to Speers; Claim IV (Unlawful Enactment of a Zoning Ordinance) is dismissed without prejudice as to Speers; Claim V (Intentional Interference with Contractual Relations) is dismissed with prejudice as to Speers; and Claim VII (Defacto Taking) is dismissed without prejudice as to Speers.

Furthermore, Dunlevy's motion to dismiss (Docket No. 17) is **GRANTED in part** and Claim III (Conspiracy) is dismissed with prejudice as to Dunlevy; and Claim V (Intentional Interference with Contractual Relations) is dismissed with prejudice as to Dunlevy.

**IT IS SO ORDERED**.

s/ Cathy Bissoon
Cathy Bissoon
United States District Judge

December 18, 2012

cc (via e-mail):

All counsel of record.